IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA A. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| SUNCOAST RESTORATION & ) | |
| WATERPROOFING, LLC, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

COMES NOW Barbara A. Cooper ("Cooper"), Plaintiff herein, and files this Complaint against the above-named Defendant, SunCoast Restoration & Waterproofing, LLC, ("SunCoast") as follows:

**Introduction**

This is a civil rights lawsuit seeking both compensatory and punitive damages, plus attorney's fees and the costs of litigation for discrimination on the basis of sex perpetrated by Defendant herein through the conduct of Defendant against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, *et seq.* ("Title VII"), retaliation against Plaintiff for taking medical leave in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), as well as Defendant's common law and statutory obligations to Plaintiff. Defendant's treatment of Ms. Cooper was grossly

negligent of her physical and emotional well-being, causing her emotional distress and embarrassment which persists to this day. Cooper seeks damages, pre-judgment interest, costs (including attorney's fees), and equitable and declaratory relief to the fullest extent allowed by law.

## I.  THE PARTIES

1. Plaintiff Barbara Cooper is and at all times material hereto has been a female citizen of the United States and a resident of Decatur, Georgia. Plaintiff was an "employee" of Defendant SunCoast as that term is defined under Title VII, the FMLA, and related applicable case law.

2. Defendant SunCoast is a retail establishment serving the general public and is an "employer" as that term is defined under Title VII, the FMLA, and related applicable case law. SunCoast employed Plaintiff at its location in Brookhaven, Georgia.

## II.  JURISDICTION AND VENUE

3. Ms. Cooper performed work for SunCoast within the jurisdiction of this Court during the applicable statute of limitations. Ms. Cooper was terminated on October 3, 2017, filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and received a statutory notice of her right to sue from EEOC on September 28, 2018. Ms. Cooper has thus

satisfied the statutory condition precedent set forth in Title VII for filing these claims with this Court.

4. At all times material herein, Defendant SunCoast has been authorized to conduct business within the State of Georgia, has transacted business in the State of Georgia, employed Plaintiff in the State of Georgia, and has regularly solicited business and derived substantial revenue from goods used and/or services rendered in the State of Georgia. Defendant SunCoast is an active corporation with a principal office at 2572 Apple Valley Rd NE, Ste. 200, Brookhaven, GA 30319. Defendant SunCoast can be served with a summons and a copy of Plaintiff's Complaint by service upon its registered agent, Sandra Green, located at 3132 Frontenac Ct., NE, Brookhaven, GA 30319.

5. Venue for this action is proper in this district and division pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial district, all of the and events and omissions giving rise to the claims herein occurred in this judicial district, and the employment at issue and events giving rise to the claims herein occurred in this district and division.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

### III.  FACTS SUPPORTING PLAINTIFF'S CLAIMS

7. SunCoast is a construction company specializing in such projects as the structural restoration of parking decks, elevated concrete slabs, terraces, exterior walls on mid and high-rise structures, waterproofing, and masonry repair.

8. Ms. Cooper was employed by SunCoast between September 16, 2016 and October 3, 2017. Ms. Cooper was employed as a superintendent and, during the last two weeks of her employment, a laborer.

9. During Ms. Cooper's employment, she was repeatedly and continuously discriminated against on the basis of her sex. Specifically, Ms. Cooper was treated as an inferior, "second-class" citizen because she was the only female superintendent in a male-dominated company in a male-dominated industry.

10. The stress and continued harassment referenced in the immediately-preceding paragraph ultimately led Ms. Cooper to request a demotion from superintendent. SunCoast acquiesced to Ms. Cooper's request and, on or about September 25, 2017, she was reassigned from a superintendent to worker.

11. On September 27 and 28, 2017, Ms. Cooper was hospitalized for a medical emergency. Soon after admittance to the hospital, Ms. Cooper had her sister call SunCoast and inform SunCoast of her hospitalization.

12. SunCoast claims that it, pursuant to its policy, it was not sufficient for Ms. Cooper's sister to contact the company, but that Ms. Cooper should have contacted the company directly from her hospital bed.

13. Upon her return to work, Ms. Cooper's supervisor requested documentation from Ms. Cooper regarding her hospitalization. Ms. Cooper refused to provide medical documentation directly to her supervisor, but instead provided that information to SunCoast's human resources' personnel.

14. Ms. Cooper returned to work on October 2, 2017, but left at the beginning of her lunch break, with her supervisor's permission, to attend a court hearing.

15. On October 3, 2018, Ms. Cooper received a text from SunCoast informing her that she was being terminated and did not need to report to work.

16. SunCoast has admitted, under oath, that Ms. Cooper was terminated as a result of "the whole hospital thing,"

IV.   **PLAINTIFF'S CLAIMS**

**Count One:  Discrimination on the Basis of Sex in Violation of Title VII of the Civil Rights Act of 1964**

17. During Cooper's employment with SunCoast, SunCoast intentionally treated Ms. Cooper differently and less favorably than similarly-situated male employees.

18. At the time the above-referenced actions occurred, Ms. Cooper was female and subject to the protection of Title VII.

19. SunCoast's conduct in discriminating against Ms. Cooper on the basis of her sex violated Ms. Smith's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 20003, *et seq.* *See, e.g. Young v. United Parcel Service, Inc.*, 135 S. St. 1338 (2015); *Byrd v. Lakeshore Hospital*, 30 F.3d 1380 (11th Cir., 1994).

20. Ms. Cooper has fulfilled all statutory requirements necessary to file a charge of sex discrimination and retaliation under Title VII.

## Count Two: Retaliation in Violation of the Family and Medical Leave Act

21. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated provisions of the FMLA and corresponding federal regulations.

22. As a result of Defendant's violations of the FMLA, Plaintiff's employment was terminated.

23. The FMLA provides up to 12 weeks of leave for qualified employees and protects employees from retaliation for taking medical leave.

24. SunCoast terminated Plaintiff *one day* after returning from her protected medical leave.

25. Defendant did not make a good faith effort to comply with the FMLA with respect to their termination of Plaintiff.

26. As a result of the unlawful acts of Defendant, Plaintiff has been adversely affected in an amount to be determined at trial, and is entitled to recovery of such

amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

**Relief Sought**

Ms. Cooper seeks a judgment against Defendant granting her compensatory (including, but not limited to back pay, front pay, and loss of benefits), statutory, exemplary and punitive damages, interest, liquidated damages, attorneys' fees, costs of litigation, and any and all additional relief as an empaneled jury and this Court deem appropriate. Recognizing damages in this matter are continuing, Ms. Cooper demands no less than two hundred fifty thousand dollars ($250,000.00).

**Conclusion**

WHEREFORE Plaintiff respectfully requests a **trial by jury** on all of Plaintiff's claims which are so triable, and that judgment be entered in Plaintiff's favor and against Defendant on all counts set forth above.

Respectfully submitted this 26th day of December, 2018.

_____
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128 (Phone)
tyler@kaspersfirm.com

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BARBARA A. COOPER

**DEFENDANTS**
SUNCOAST RESTORATION & WATERPROOFING, LLC

(b) County of Residence of First Listed Plaintiff: DECATUR
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: FULTON
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Tyler B. Kaspers, The Kaspers Firm, LLC
152 New Street, Ste. 109B Macon, GA 31201
(404) 944-3128

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC 2000e-5, et seq. and 29 USC 2601, et seq.
Brief description of cause:
Discrimination on the basis of sex (Title VII) and retaliation for taking medical leave (FMLA)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 12/26/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE